**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

June 24, 2026

**ORDER &**
**REPORT AND RECOMMENDATION**

**TO:   ALL COUNSEL OF RECORD**

**Re:   Perry v. County of Bergen, et al.**
**Civil Action No. 24-9207 (MEF) (JSA)**

Dear Counsel:

This matter comes before the Court upon Plaintiff Aaron Perry's motion for leave to file an amended complaint. (*See* ECF Nos. 46, 50). Defendants oppose the motion. (*See* ECF Nos. 47-49). No oral argument was heard. *See* Fed. R. Civ. P. 78(b). Having considered the parties' written submissions, for the reasons set forth below and for good cause shown, Plaintiff's motion for leave to amend is **GRANTED IN PART** and **DENIED IN PART**, and the Court **RESPECTFULLY RECOMMENDS** that Plaintiff's abandoned state law claims be dismissed with prejudice.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brings this medical malpractice and civil rights action against the County of Bergen, Bergen County Sheriff's Office, Bergen County Jail, Michael Hemsley, M.D., Tiffany Polemitis, R.N., Randy Lewis, R.N. (collectively the "Bergen County Defendants"), and Bergen New Bridge Medical Center ("New Bridge"), stemming from his medical treatment while incarcerated at the Bergen County Jail. (*See generally* ECF No. 1). The Complaint asserts counts under 42 U.S.C. § 1983, deliberate indifference in violation of the Eighth Amendment, and various claims arising under state law, including medical malpractice. (*Id.*, ¶¶ 27-87). Notably, in his Complaint, Plaintiff's state law claims are asserted against both the Bergen County Defendants and New Bridge. However, New Bridge contends, and Plaintiff does not refute, that Plaintiff's Complaint asserts federal claims only against the Bergen County Defendants. (*See* ECF No. 48 at 1, 3).

New Bridge and the Bergen County Defendants filed answers on December 31, 2024, and February 19, 2025, respectively. (ECF Nos. 6 & 14). Both Answers demanded Plaintiff timely serve an Affidavit of Merit ("AOM"), pursuant to the New Jersey Affidavit of Merit Statute ("AOM Statute" or "Statute"), N.J.S.A. § 2A:53A-26, *et seq.* (*See* ECF No. 6 at 16; ECF No. 14

at 15).  On March 28, 2025, Plaintiff filed an AOM from Dr. Daniel J. Egan, M.D.  (ECF No. 16).  Thereafter, Defendants moved to dismiss the Complaint, arguing Plaintiff did not timely comply with the AOM Statute, (*see* ECF No. 30-2 at 8-9; ECF No. 33-2 at 5), and thus, Plaintiff has failed to state a claim.  *See* N.J.S.A. § 2A:53A-29.

In response to Defendants' motions to dismiss, Plaintiff sought leave to file a motion to amend his Complaint.  The Undersigned granted Plaintiff's request and administratively terminated Defendants' motions to dismiss pending the outcome of the anticipated motion.  (ECF No. 45).

## II.    THE INSTANT MOTION FOR LEAVE TO AMEND

In reviewing his motion and Proposed Amended Complaint ("PAC") together, Plaintiff seeks to (i) drop all claims arising under state law and (ii) assert his already pled federal claims against New Bridge.  (*See* Proposed Amended Complaint ("PAC") at 7-15; ECF No. 46-4).  In his brief, he argues the amendment will not prejudice Defendants as the PAC narrows the litigation by removing all state law claims.  (ECF No. 46-3 at 4-5).  Plaintiff concedes that he did not serve an AOM for his state law claims and thus represents to the Court that he has abandoned them.  (*Id.*; *see also* ECF No. 50).  In support of his motion, Plaintiff argues that he has timely sought the amendment to drop his state law claims and Defendants will suffer no prejudice.  (ECF No. 46-3 at 4-5).  Although this Court's review of his PAC reveals that he wishes to assert his federal claims against New Bridge, his moving and reply briefs do not address this proposed amendment.

Neither New Bridge nor the Bergen County Defendants oppose Plaintiff dropping his state law claims.  They, however, object to him removing the claims through a motion to amend.  (ECF No. 47 at 1; ECF No. 49 at 2).  Defendants contend that the amendment is futile since removing the claims does not cure Plaintiff's failure to provide an AOM as noted by the Bergen County Defendants in their motion to dismiss.  (ECF No. 47 at 1-4; ECF No. 49 at 2). They continue that Plaintiff should not be permitted to avoid the fatal consequence of failing to provide an AOM by amending his complaint.  (ECF No. 47 at 4; ECF No. 49 at 2).  To prevent Plaintiff from resurrecting these claims in the future, Defendants urge this Court to deny the motion to amend and dismiss Plaintiff's state law claims with prejudice.  (ECF No. 47 at 1-2; ECF No. 49 at 2).  On reply, Plaintiff does not dispute the state law claims are futile.  (ECF No. 50).  Instead, he argues that Defendants fail to address how they would be prejudiced by the amendment, and thus, his motion should be granted.  (*Id.*)

As it relates to Plaintiff's apparent intent to assert federal claims against New Bridge, New Bridge argues that this amendment is futile for two reasons.  First, any § 1983 claim against New Bridge is time-barred under New Jersey's two-year statute of limitations and Plaintiff does not satisfy the requirements to relate back under Federal Rule of Civil Procedure 15(c).  (*See* ECF No. 48 at 6-11).  Second, the PAC alleges that New Bridge had only limited involvement in Plaintiff's care, which does not rise to the level required to show deliberate indifference.  (*Id.* at 14-15).

2

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "a complaint may be amended once as a matter of right and afterward by leave of the court," *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), or with the opposing party's written consent, Fed. R. Civ. P. 15(a)(2).  Courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This mandate encompasses a broad range of equitable factors, including whether there is (1) undue delay; (2) bad faith, (3) prejudice, (4) failure to cure deficiencies through previous amendments; or (5) futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1964); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).  "[P]rejudice to the non-moving party is the touchstone for" denying leave to amend.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted).  Ultimately, the decision to grant or deny leave rests in the sound discretion of the Court.  *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971).

### IV.    ANALYSIS

The parties' dispute centers on whether Plaintiff can drop his state law claims by way of amendment.  Defendants argue Plaintiff cannot remove his state law claims from the case by way of an amendment because the claims are futile, and allowing the amendment would circumvent dismissal of such claims with prejudice as argued in their motions to dismiss.  However, many courts have held that parties may drop claims by amendment pursuant to Rule 15(a).  *See, e.g.*, *Gaia Gardens LLC v. Township of Montclair,* 2025 WL 2374417, at *3 (D.N.J. Aug. 15, 2025); *Dirauf v. Berger,* 506 F. Supp. 3d 254, 263 (D.N.J. 2020); *United States v. Kushner*, 2018 WL 2230552, at *2 (D.N.J. May 15, 2018); *Smith, Kline and French Labs. v. A.H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa. 1973).  Further, the rationale is when a Plaintiff seeks to "drop, not add, a claim," the amendment "cannot be characterized as futile."  *Dirauf*, 506 F. Supp. 3d at 263.  Accordingly, Defendants' objection to Plaintiff seeking to amend for the purpose of dropping claims is not persuasive.  Therefore, Plaintiff's motion to drop his state law claims (Counts Three through Eight of the Complaint), is **GRANTED**.

Although Plaintiff will be permitted to amend his Complaint to drop the state law claims, the question now turns to whether the "dropped" claims should be dismissed with or without prejudice.  *See, e.g.*, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 1998 WL 633680, at *2 (E.D. Pa. Aug. 14, 1998); *Addamax Corp. v. Open Software Found.*, 149 F.R.D. 3, 6 (D. Mass. 1993).  As other courts have noted, this determination turns on considerations of preserving "judicial and parties' resources and fairness to the defendant."  *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 120 (D.D.C. 2014).  For the reasons set forth below, the Court concludes that Plaintiff's state law claims should be dismissed with prejudice.[1]

Where a plaintiff seeks to drop claims from the original complaint, courts may "condition" leave to amend "upon an order dismissing the claims not reasserted in the amended complaint with prejudice."  *Addamax Corp.,* 149 F.R.D. at 6; *see also Barnes*, 42 F. Supp. 3d at 120 (collecting cases) ("other courts have concluded that leave to amend a complaint may be granted on the condition that the eliminated federal claims are dismissed with prejudice.").  Plaintiff contends

---

[1] Since dismissal of a claim with prejudice is a dispositive decision, the Undersigned addresses this issue by Report & Recommendation to the District Judge.  *Cf. Addamax Corp.,* 149 F.R.D. at 6.

that Defendants will not be prejudiced if the Court grants his motion, (*see* ECF No. 50), making no mention of whether the dismissal is with or without prejudice. As explained below, the Court finds good cause to dismiss the state law claims with prejudice.

As previously explained, "prejudice to the non-moving party is the touchstone for" denying leave to amend. *Lorenz*, 1 F.3d at 1414 (citation omitted). Prejudice might arise if the parties "go[] to trial on one legal theory," "only to have the plaintiffs try to change that theory in order to retry the same facts" after losing on the first legal theory. *Adams*, 739 F.2d at 869; *accord Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F. Supp. 355, 358 (S.D. Tex. 1959) (dismissing claims removed from original complaint with prejudice when the plaintiff sought to remove these claims twenty-one months into the case to ensure that the plaintiff could not refile the eliminated claims). Considering the procedural posture of the case, the Court finds that Defendants would be significantly prejudiced if Plaintiff dropped the state law claims at this juncture only to possibly reassert them in the future. Defendants should be able to engage in discovery and defend the action without concern that the scope of the case may be broadened once again should Plaintiff decide to resurrect his now abandoned state law claims. Equally important, Plaintiff has represented that he wishes to streamline the issues and claims. (*See* ECF No. 46-3 at 1; ECF No. 50). To ensure proper case management and that the action be timely adjudicated on the merits, the Court finds it appropriate to grant Plaintiff's motion to amend to drop the state law claims on the condition that these claims be dismissed with prejudice.

Therefore, for the foregoing reasons, the Court **RESPECTFULLY RECOMMENDS** that Plaintiff's state law claims be **DISMISSED WITH PREJUDICE** as to all Defendants.

Finally, with respect to Plaintiff's apparent attempt to amend his complaint to assert his federal claims against New Bridge, Plaintiff's motion papers are completely devoid of any argument in support of this proposed amendment, and he fails to address New Bridge's arguments about the viability of such claims, including that they are allegedly barred by the statute of limitations. Accordingly, to the extent Plaintiff seeks to amend his complaint to assert the federal claims against New Bridge, he must articulate his reasons for doing so, including why such amendments are not futile. Accordingly, this part of Plaintiff's motion to amend to assert the federal claims against New Bridge is **DENIED**. *See Foman*, 371 U.S. at 182.

## V.   CONCLUSION

For the reasons set forth above, and for good cause shown, it is:

**ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 46) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that **on or before July 6, 2026**, Plaintiff shall file his Amended Complaint, consistent with the form at ECF No. 46-5, **except** that he shall not include any proposed amendments to assert the federal claims against New Bridge in Counts One and Two; and it is further

**ORDERED** that the parties are directed to meet and confer and submit a joint amended

4

scheduling order by **July 9, 2026**; and it is further

**RESPECTFULLY RECOMMENDED** that Plaintiff's state law claims be **DISMISSED WITH PREJUDICE**.  The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Michael E. Farbiarz, U.S.D.J., and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the motion filed at ECF No. 46 and activate this Report and Recommendation for the District Court's review.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:    Hon. Michael E. Farbiarz, U.S.D.J.

5